# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2234 | **DATE** | 4/2/2012 |
| **CASE TITLE** | Erwin Robert Feyrer (#2011-0928137) vs. Deputy Clerk B. Jones, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state an actionable federal claim. The case is terminated. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated herein. The Clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]     **Docketing to mail notices.**

# STATEMENT

    Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff sues Defendants, Cook County Circuit Court clerks, over their inability to locate a document in the common law record. More specifically, Plaintiff alleges that a motion for declaratory judgment he apparently filed in his criminal case in June 2010 is missing from the court file and cannot be found.

    Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Plaintiff is assessed an initial partial filing fee of $2.63 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of Court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's **(CONTINUED)**

mjm

name and the case number assigned to this action. This payment obligation will follow Plaintiff in the event of his transfer to another correctional facility.

However, under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.

Defendants cannot be held liable under 42 U.S.C. § 1983 for a lost or misfiled court filing. "[A]n allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts." *Snyder v. Nolen*, 380 F.3d 279, 291 n. 11 (7th Cir. 2004) (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992). "The Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Peevy v. Cook County of Illinois*, No. 92 C 6628, 1992 WL 346428, *2 (N.D. Ill. Nov. 18, 1992) (Shadur, J.) (quoting *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Furthermore, to sustain a claim for denial of right of access to the courts, a prisoner must allege that he or she was prejudiced by the denial of access. *Pratt v. Tarr*, 464 F.3d 730, 731-32 (7th Cir. 2006); *Davenport v. City of Chicago*, 653 F. Supp. 2d 885, 892 n. 6 (N.D. Ill. 2009) Aspen, J.) (citations omitted). Under the circumstances alleged, the misplacement of a court filing does not give rise to a constitutional cause of action.

In one paragraph, Plaintiff asserts that the Circuit Clerk is responsible "for any legal document that is altered, concealed, or destroyed." (Complaint, p. 5, ¶ 8.). But the rest of the complaint makes clear that the motion is simply "missing," for unknown reasons. Any inference of intentional wrongdoing would be entirely conjectural; a complaint's allegations must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776-77 (7th Cir. 2007), citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In short, the complaint fails to state facts suggesting intentional interference with Plaintiff's access to the courts. If Plaintiff wishes to sue clerk's office employees for negligence or any other state tort, he must do so in state court.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."