# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2234 (App. No. 12-2046) | **DATE** | 5/24/2012 |
| **CASE TITLE** | Erwin Robert Feyrer (#2011-0928137) vs. Deputy Clerk B. Jones, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motions for leave to appeal *in forma pauperis* [document nos. 7 and 16] are denied. The Court certifies that the appeal is not taken in good faith and orders Plaintiff to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The Clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is attempting to sue Cook County Circuit Court Clerks over their inability to locate a document in the common law record. Plaintiff contends that a motion for declaratory judgment he apparently filed in his criminal case in June 2010 is missing from the state court file and cannot be found.

By Minute Order of April 2, 2012, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* but summarily dismissed the complaint on initial review pursuant to 28 U.S.C. §1915A for failure to state an actionable federal claim. Plaintiff has appealed the final judgment.

Plaintiff's motions for leave to appeal *in forma pauperis* are denied. For the reasons stated in its dismissal order, the Court finds that this action does not raise a substantial issue meriting appellate review. The Court remains satisfied that Defendants cannot be held liable under 42 U.S.C. § 1983 for a lost or misfiled court filing. "[A]n allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts." *Snyder v. Nolen*, 380 F.3d 279, 291 n. 11 (7th Cir. 2004) (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). The Court additionally questions whether Plaintiff would be able to establish the element of prejudice necessary for a court-access claim. *See In re Maxy,* 674 F.3d 658, 661 (7th Cir. 2012). The Court accordingly certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken. When a suit is found to be **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

frivolous, an ensuing appeal generally cannot be "in good faith" under § 1915(a)(3). *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000).

Under the rules of the U.S. Court of Appeals for the Seventh Circuit, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full for the appeal to go forward. Consequently, Plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If Plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5).

In sum, Plaintiff's motions for leave to appeal *in forma pauperis* are denied. Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. If Plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify Plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

The Clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.